UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE LEE COLEMAN,

        Petitioner,                        Case No. 1:12-cv-131

v.                                               Honorable Gordon J. Quist

MARY BERGHUIS,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the amended petition (docket #13). Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the directions of this Court that are set forth in this opinion and attached order.

**Discussion**

    I.    Factual allegations

Following a jury trial, Petitioner was convicted on December 18, 2008, in the Calhoun County Circuit Court of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b). According to Petitioner's amended application for habeas corpus relief, the trial court sentenced him to life without the possibility of parole. Petitioner sought leave to appeal to the Michigan Court of Appeals, raising the following two issues:

> I.    IN THIS TRIAL[,] WHICH TURNED ON THE TESTIMONY OF PROSECUTION WITNESS ANTHONY WATSON, WHO WAS AN UNDISPUTED ACCOMPLICE, DUE PROCESS WAS VIOLATED BY THE DELIVERY OF CONTRADICTORY AND MUTUALLY IRRECONCILABLE JURY INSTRUCTIONS REGARDING THE ASSESSMENT OF THAT WITNESS' TESTIMONY; AND TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT.
>
> II.    DOUBLE JEOPARDY WAS VIOLATED WHEN THE COURT IMPOSED TWO CONVICTIONS AND TWO SENTENCES FOR A SINGLE OFFENSE.

(Attach. to Am. Pet., docket #13-1, Page ID#57.) The Michigan Court of Appeals denied leave to appeal on April 20, 2010, but remanded Petitioner's case to the trial court for resentencing.[1] Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issues presented in the court of appeals. The supreme court denied leave to appeal on October 26, 2010.

On January 27, 2012[2], Plaintiff filed a motion for relief from judgment in the Calhoun

---

[1] It is unclear from Petitioner's application for habeas corpus relief as to whether he was originally sentenced to life without the possibility of parole or he was re-sentenced to life without the possibility of parole.

[2] According to Calhoun County's Michigan Court Connect website, Petitioner filed his motion for relief from judgment on January 27, 2012. *See* https://mcc.co.calhoun.mi.us/details.php?c=2008+0000002619&se=party. In his amended petition, Petitioner states that he filed his motion "thereabout January 25, 2012." (Am. Pet., docket #13, Page ID#40.) Under the "prisoner mailbox rule," the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The "prisoner mailbox rule" has its origins in interpretation of federal law. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-

County Circuit Court, raising the following three grounds for relief from judgment:

    I.      [PETITIONER] WAS DENIED DUE PROCESS OF LAW AND THE CONSTRUCTIVE DENIAL OF COUNSEL DURING THE "CRITICAL" PRETRIAL PERIOD WHEN HIS COURT-APPOINTED DEFENSE COUNSEL COMPLETELY FAILED TO CONSULT WITH HIM PRIOR TO THE START OF HIS CAPITAL TRIAL.

    II.     [PETITIONER] WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL AND SIXTH AMENDMENT GUARANTEE TO THE "EFFECTIVE" ASSISTANCE OF COUNSEL WHERE, TRIAL COUNSEL NOT ONLY FAILED TO INVESTIGATE AND PRESENT KNOWN WITNESSES WHO WOULD HAVE TESTIFIED FAVORABLY [IN PETITIONER'S] CAPITAL TRIAL, BUT COUNSEL ALSO FAILED TO INVESTIGATE AND PRESENT KNOWN POSSIBLE ALIBI WITNESSES.

    III.    [PETITIONER] WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR APPEAL AND THE "EFFECTIVE" ASSISTANCE OF APPELLATE COUNSEL ON HIS DIRECT APPEAL BY RIGHT WHERE COUNSEL FAILED TO RAISE THE ABOVE TWO "SIGNIFICANT" AND OBVIOUS" CONSTITUTIONAL CLAIMS, SINCE THERE WAS A REASONABLE PROBABILITY THAT, INCLUSION OF THE TWO SIXTH AMENDMENT VIOLATION ISSUES WOULD HAVE CHANGED THE RESULT OF THE APPEAL. INSTEAD, APPELLATE COUNSEL PURSUED WEAKER, UNPRESERVED, AND UNSUCCESSFUL CLAIMS ON DIRECT APPEAL.

(Attach. to Am. Pet., docket #13-3, Page ID##89-90.)  The trial court denied Petitioner's motion on February 29, 2012.  Petitioner has not yet appealed the denial of his motion to the Michigan Court of Appeals or the Michigan Supreme Court.

        In his amended application for habeas corpus relief, Petitioner raises the first ground that he raised in his direct appeal and all three of the grounds that he raised in his motion for relief from judgment.

---

72 (1988)). The Michigan Supreme Court, interpreting Michigan law, has expressly rejected the federal prisoner mailbox rule and instead has found that delivery of the document to the court clerk is a necessary component of filing. *See Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. 1997). The Eastern District of Michigan, applying the one-year period of limitation in § 2244(d), rejected application of the federal prisoner mailbox rule to the filing of a motion for relief from judgment in the Michigan state court and instead found that the filing occurred when the document was delivered to the court under Michigan law. *Herron v. Smith*, No. Civ. 01-CV-71867-DT, 2001 WL 902621, at *2 (E.D. Mich. June 29, 2001). Under these authorities, Petitioner's motion for relief from judgment was filed on January 27, 2012.

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his first ground for habeas corpus relief on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court. Therefore, that issue was properly exhausted. However, Petitioner's remaining three grounds for habeas corpus relief were raised in his motion for relief from judgment. Because Petitioner has not yet appealed the denial of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, those claims are unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner

has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 26, 2010. Petitioner did not petition for certiorari to the United States Supreme Court, though the

ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 24, 2011. Accordingly, Petitioner had one year, until January 24, 2012, in which to file his habeas petition. Petitioner filed his original petition (docket #1) on January 18, 2012, six days prior to the expiration of the limitations period.[3]

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[4] Petitioner filed his motion for relief from judgment on January 27, 2012, so he would not need the thirty days to file it. In addition, Petitioner would not have the necessary 30 days to return to this Court before the expiration of the statute of limitations because Petitioner filed his 6.500 motion three days after the statute of limitations expired. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners

---

[3] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook*, 295 F.3d at 521. Petitioner dated his original application on January 18, 2012, and it was received by the Court on February 1, 2012. Thus, it must have been handed to prison officials for mailing at some time between January 18 and February 1. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

[4] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Upon review, the Court concludes that there is good cause for Petitioner's failure to exhaust before filing his action. Petitioner asserts that his appellate counsel was ineffective for failing to raise certain issues on direct appeal. Moreover, Petitioner filed his motion for relief from judgment shortly after the limitations period expired so there is no indication that Petitioner engaged in intentional dilatory litigation tactics. Further, Petitioner's claims are not plainly meritless. Accordingly, the Court will grant Petitioner a stay of these proceedings until he files a motion to amend his amended petition to include any subsequently exhausted claims.

An Order consistent with this Opinion will be entered.


Dated: April 17, 2012                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE